# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUCHUN GOODWIN,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 1:24-cv-00795-JLT-SAB<br><br>ORDER SCREENING COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Duchun Goodwin ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action on July 9, 2024. Plaintiff's complaint is currently before the Court for screening.

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70

F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato, 70 F.3d 1106.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names the following Defendants in his form complaint: (1) State Farm General

2

Insurance Company ("State Farm"); (2) Poonam Kalsi, identified as a claims specialist; (3) Laura Selby, identified as a claims manager; (4) Jeannie Erickson, identified as a Claims Specialist; (5) Leah Carrol; (6) Philip Call, identified as "manager agent"; and (7) Justin Gathers, identified as "special investigation unit." (Compl. 2-3, ECF No. 1.)[1]

Plaintiff confirms the basis for jurisdiction is federal question jurisdiction. (Compl. 3.) When asked to list the federal statutes at issue in this case, Plaintiff lists: "41 U.S. Codes 6503 52.233-4 Applicable Law for Breach of Contract Claim, Sections 102 and 103 of the Civil Rights Act of 1991." (Compl. 4.) Despite indicating the case arises under federal question jurisdiction, Plaintiff completes the form questions for diversity jurisdiction. (Compl. 4.) Plaintiff identifies State Farm as a citizen of California, Arizona, Georgia, and Illinois and Defendant Kalsi as a citizen of Georgia. (Compl. 4-5.) When listing each Defendants' identifying information, Plaintiff indicates Defendants Selby, Carrol, and Gathers are located in Arizona; Defendant Erickson is located in Illinois; and Defendant Call is located in California. (Compl. 2-3.)

Under statement of claim, Plaintiff writes: "State Farm Insurance Company deliberately undervalues my claim, wrongfully denies your claim or engages in a pattern of behavior intended to limit their pay out on my claim. These are the contract damages, the extra contractual damages and punitive damage. [Deceit] and Fraud practicing Deceptive and non Honest [communication]." (Compl. 5.)

Under relief, Plaintiff writes: "Im Duchun Goowin and State farm have a contract agreement that State farm has acted in bad faith and breach. Code section 790.03(h) 2695.7 2695.9 and more." (Compl. 6) (unedited).

## III.

## DISCUSSION

For the reasons discussed below, Plaintiff has failed to state a cognizable claim. Plaintiff shall be provided one opportunity to file an amended complaint to attempt to correct the deficiencies at issue.

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

**A.     Federal Rule of Civil Procedure 8**

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citations and quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

As a threshold matter, the Court notes Plaintiff has previously filed complaints against Defendants alleging the same violation of federal law.[2] On February 2, 2023, Plaintiff filed an action against State Farm, Philip Call, Poonam Kalsi, and Laura Selby for violations of sections 102 and 103 of the Civil Rights Act of 1991. Goodwin v. State Farm Gen. Ins. Co., No. 1:23-CV-00165 ADA HBK, 2023 WL 5758940 (E.D. Cal. Sept. 6, 2023). The Court screened the complaint and found it did not comply with the requirements of Rule 8(a)(2) but granted leave to amend. The magistrate judge then found the amended complaint was deficient and frivolous and recommended the case be dismissed without leave to amend. The district judge adopted the findings and recommendations, dismissed the action without leave to amend, and entered judgment against Plaintiff. (Id. at *1.)

On February 15, 2023, Plaintiff filed an action against State Farm, Jeannie Erickson, Leah Carrol, and others. Goodwin v. State Farm Gen. Ins. Co., No. 1:23-CV-00232-SAB, 2023

---

[2] The court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978)); see also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.")

1 WL 4239064, at *1 (E.D. Cal. June 28, 2023), report and recommendation adopted, No. 1:23-CV-00232 ADA SAB, 2023 WL 5758942 (E.D. Cal. Sept. 6, 2023).  There, Plaintiff alleged violation of sections 102 and 103 of the Civil Rights Act of 1991 were at issue.  The undersigned screened the complaint and found it failed to comply with the requirements of Rule 8(a)(2).  Plaintiff was granted an opportunity to amend the complaint, but Plaintiff's amended complaint consisted only of a caption page.  The undersigned recommended the action be dismissed for failure to state a claim.  The district judge adopted the findings and recommendations and dismissed the action without leave to amend.

In the instant complaint, Plaintiff names the same Defendants and alleges the same violation of sections 102 and 103 of the Civil Rights Act of 1991 in addition to various statutes and regulations related to breach of contract.  Plaintiff's allegations are vague and conclusory statements alleging some form of discrimination, a potential breach of an unidentified contract, and a denial of an unspecified claim.  As currently pled, Plaintiff's complaint does not contain enough factual details to permit the Court to draw the reasonable inference that any named Defendant is liable for any misconduct alleged.  Iqbal, 556 U.S. at 678.  Plaintiff does not state any specific actions that any Defendant took relating to the alleged discrimination or other misconduct. Plaintiff fails to allege the relevant terms of the contract, any details regarding performance of the contract, and when the alleged breach occurred.  Further, Plaintiff does not mention any of the individual Defendants again after naming them as Defendants.  For these reasons, Plaintiff's complaint does not comply with the requirements of Rule 8(a)(2).

Courts may dismiss a complaint for failure to comply with Rule 8 even when the complaint is not "wholly without merit."  McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).  "Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." Id.  The Court has repeatedly provided Plaintiff guidance that his complaint must contain sufficient facts showing he is entitled to relief and that each defendant's involvement must be sufficiently alleged.  The Court will therefore grant Plaintiff one opportunity to file an amended complaint that complies with Rule 8.  Should Plaintiff choose to amend his complaint to include

numerous claims and defendants, he must separate each cause of action; state which Defendant he believes is liable for that cause of action; and identify concise factual allegations that support both the legal standard for the cause of action and show that the particular Defendant committed the violation asserted. Plaintiff is cautioned that the Court will recommend dismissal with prejudice of an amended complaint that fails to comply with Rule 8.

### B. Diversity and Federal Question Jurisdiction

This Court has previously advised Plaintiff that federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Here, Plaintiff checked the box indicating he is attempting to plead federal question jurisdiction. However, Plaintiff also completed the portion of the form complaint for claims proceeding under diversity jurisdiction. The Court will therefore address each in turn.

District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). Here, Plaintiff alleges that he is a citizen of California. (Compl. 4.) Plaintiff indicates that Defendant State Farm General Insurance Company is incorporated in and has its principal place of business in California, Arizona, Georgia, and Illinois. (Compl. 5.) Plaintiff also indicates that the address for Defendant Philip Call is in California. (Compl. 3.) Although Plaintiff states the amount in controversy exceeds $75,000 (Compl. 5.), diversity jurisdiction does not exist because Plaintiff, Defendant State Farm, and Defendant Call are citizens of the same state.

Jurisdiction in this action must therefore be based on a federal question. Pursuant to 28

1 U.S. C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the
2 Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either
3 where federal law creates the cause of action or where the vindication of a right under state law
4 necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez,
5 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd.
6 v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he
7 presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint
8 rule,' which provides that federal jurisdiction exists only when a federal question is presented on
9 the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at
10 1089 (citations omitted).

As to federal question jurisdiction, Plaintiff has not sufficiently alleged facts against the Defendants that would state a federal claim.

### 1. Plaintiff Has not Stated a Claim to Establish Federal Question Jurisdiction

Plaintiff alleges violation of "Sections 102 and 103 of the Civil Rights Act of 1991." (Compl. 4.) However, it is unclear what factual allegations could support such claim.

"Congress enacted the Civil Rights Act of 1991 (1991 Act), Pub. L. No. 102-166, 105 Stat. 1071, in order to restore civil rights limited by then-recent Supreme Court decisions and to 'strengthen existing protections and remedies available under federal civil rights laws to provide more effective deterrence and adequate compensation for victims of discrimination." Lambert v. Tesla, Inc., 923 F.3d 1246, 1249 (9th Cir. 2019) (citations and quotations omitted); see also Civil Rights Act Of 1991, PL 102–166, November 21, 1991, 105 Stat 1071 ("An Act to amend the Civil Rights Act of 1964 to strengthen and improve Federal civil rights laws, to provide for damages in cases of intentional employment discrimination, to clarify provisions regarding disparate impact actions, and for other purposes."); 42 U.S.C. § 1981a ("Damages in cases of intentional discrimination in employment.").

Plaintiff's complaint contains insufficient facts pertaining to any of the named Defendants and does not describe what any Defendants have done that would amount to a violation of Plaintiff's federal rights. See Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 533–34,

1 119 S. Ct. 2118, 2123–24, 144 L. Ed. 2d 494 (1999) ("Prior to 1991, only equitable relief, primarily backpay, was available to prevailing Title VII plaintiffs; the statute provided no authority for an award of punitive or compensatory damages . . . [w]ith the passage of the 1991 Act, Congress provided for additional remedies, including punitive damages, for certain classes of Title VII and ADA violations."); Fonseca v. Sysco Food Servs. of Arizona, Inc., 374 F.3d 840, 847 (9th Cir. 2004) (to establish a prima facie case for Title VII discrimination, plaintiff must show: (1) they are a member of a protected class; (2) they were qualified for the position; (3) they suffered an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably); Samper v. Providence St. Vincent Med. Ctr., 675 F.3d 1233, 1237 (9th Cir. 2012) ("To establish a prima facie case for failure to accommodate under the ADA, Samper must show that (1) [s]he is disabled within the meaning of the ADA; (2) [s]he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) [s]he suffered an adverse employment action because of [her] disability.") (quotations and citations omitted); Campos v. Town of Pahrump, 274 F. Supp. 3d 1106, 1115–16 (D. Nev. 2017) ("[T]o establish a prima facie case of retaliation under the ADA, an employee must show that: (1) he or she engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two.") (citations and quotations omitted).

Plaintiff also alleges that federal law and regulations related to breach of contract are at issue. (Compl. 4). However, the complaint does not identify any contract, nor does it identify any insurance policy that may be the source of the unspecified claim that Defendants have allegedly wrongfully denied. (Compl. 5.)[3]

---

[3] Plaintiff also alleges in the section indicating relief sought that State Farm "has acted in bad faith…" (Compl. 6.) Under California law, "[e]very contract imposes on each party a duty of good faith and fair dealing in each performance and in its enforcement." Richards v. Centripetal Networks, Inc., ___ F.Supp.3d ___, No. 4:23-CV-00145-HSG, 2024 WL 24327, at *4 (N.D. Cal. Jan. 2, 2024) (quoting Carson v. Mercury Ins. Co., 210 Cal.App.4th 409, 429 (2012) (quotation omitted). "[A] contractual obligation is the underpinning of a bad faith claim, [and] such claim cannot be maintained unless policy benefits are due under the contract." Granite Outlet, Inc., 190 F.Supp.3d at 987; Love v. Fire Ins. Exchange, 221 Cal.App.3d 1136, 1153 (1990). "California law is clear, that without a breach of the insurance contract, there can be no breach of the implied covenant of good faith and fair dealing." Manzarek, 519 F.3d at 1034 (citing Waller, 11 Cal.4th 1, 900 P.2d at 638–39). Because Plaintiff fails to allege the existence of a contract, its terms, or any breach of those terms, Plaintiff fails to state a claim for breach of duty of good faith and fair dealing.

1    Plaintiff also cites 41 U.S.C. § 6503 to establish federal question jurisdiction. However, section 6503 applies only to breaches or violations of representations or stipulations included in contracts made by United States agencies "for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000." Bowman v. USDA FSIS, No. 4:18-CV-3169, 2019 WL 462715, at *1 (D. Neb. Feb. 6, 2019) (citing 41 U.S.C. §§ 6502, 6503). Here, Plaintiff fails to allege any facts to support such a claim.

Plaintiff also cites "52.233-4" to establish federal question jurisdiction, which the Court construes as 48 C.F.R. 52.233-4. This regulation merely states that certain government contracts should contain a term that "United States law will apply to resolve any claim of breach of this contract." 48 C.F.R. 52.233-4. Although unclear, Plaintiff appears to allege that State Farm undervalued, denied, and engaged in a pattern to limit a payout of Plaintiff's unspecified claim. (Compl. 5.) Plaintiff's claim thus appears to arise from an unspecified contract with State Farm, not a government agency. Plaintiff fails to establish that federal law governs this action.

Accordingly, the Court finds Plaintiff's complaint does not state a cognizable claim for violation of Plaintiff's federal rights.

2.    Citations to California Insurance Code

In the section indicating the relief sought, Plaintiff states that State Farm has breached "code section 790.03(h) 2695.7 2695.9 and more." (Compl. 6.) The Court construes this to refer to section 790.03(h) as that of the California Insurance Code and Title 10 of the California Code of Regulations sections 2695.7 and 2695.9.

Because the Legislature only contemplated enforcement of the Unfair Instances Practices Act ("UIPA") by the Insurance Commissioner, private actions under California Insurance Code § 790, *et seq*. are barred. Height St. Skilled Care, LLC v. Liberty Mut. Ins. Co., No. 1:21-CV-01247 JLT BAK (BAM), 2022 WL 1665220, at *5 (E.D. Cal. May 25, 2022) (citing Moradi-Shalal v. Fireman's Fund Ins. Cos., 46 Cal. 3d 287, 304 (1988) (holding that section 790.03 was not intended "to create a private civil cause of action against an insurer that commits one of the various acts listed in section 790.03, subdivision (h)")). Likewise, the regulations promulgated under the UIPA, 10 C.C.R. § 2695.1, et seq., do not provide a plaintiff with a standalone, private

right of action.  Id. (citing Aerojet Rocketdyne, Inc. v. Glob. Aerospace, Inc., No. 2:17-CV-01515-KJM-AC, 2020 WL 3893395, at *6 (E.D. Cal. July 10, 2020)); see also Rattan v. United Servs. Auto. Ass'n, 84 Cal. App. 4th 715, 724 (Cal. Ct. App. 2000) ("neither the Insurance Code nor regulations adopted under its authority provide a private right of action.")).  To the extent Plaintiff alleges unspecified Defendants violated the UIPA or its supporting regulations, Plaintiff fails to state a cognizable claim.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's complaint fails to state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to amend the complaint to cure the above-identified deficiencies to the extent Plaintiff is able to do so in good faith.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint.  Lacey v. Maricopa Cnty., 693 F.3d 896, 927.  Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220. Plaintiff's first amended complaint must be filed within thirty (30) days, and is subject to the twenty-five (25) page limit set forth above.

///

///

///

///

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order;

3. The first amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **August 20, 2024**

UNITED STATES MAGISTRATE JUDGE