# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUCHUN GOODWIN, | Case No. 1:24-cv-00795-JLT-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE |
| v. | |
| STATE FARM GENERAL INSURANCE COMPANY, et al., | |
| Defendants. | (ECF Nos. 1, 6) |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Duchun Goodwin ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action on July 9, 2024.  (ECF No. 11.)  On  August 21, 2024, a screening order issued finding Plaintiff had failed to state any cognizable claims and granting Plaintiff leave to file a first amended complaint within thirty days.  (ECF No. 6.)  In the August 21, 2024 order, Plaintiff was advised that if he failed to file an amended complaint, the Court would recommend that this action be dismissed for the reasons stated in the order.  (Id. at 11.)  More than thirty days have passed, and Plaintiff has not filed an amended complaint or otherwise responded to the screening order.  For the following reasons, the Court recommends the action be dismissed for failure to state a cognizable claim, failure to prosecute this action, and failure to obey the Court's order to file an amended complaint.

/ / /

## II.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting

1  Twombly, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for

2  the court to draw the reasonable conclusion that the defendant is liable for the misconduct

3  alleged.  Iqbal, 556 U.S. at 678.  Leave to amend may be granted to the extent that the

4  deficiencies of the complaint can be cured by amendment.  Cato, 70 F.3d 1106.

5                                          **III.**

6                          **COMPLAINT ALLEGATIONS**

7          The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of

8  the *sua sponte* screening requirement under 28 U.S.C. § 1915.

9          Plaintiff names the following Defendants in his form complaint: (1) State Farm General

10  Insurance Company ("State Farm"); (2) Poonam Kalsi, identified as a claims specialist; (3) Laura

11  Selby, identified as a claims manager; (4) Jeannie Erickson, identified as a Claims Specialist; (5)

12  Leah Carrol; (6) Philip Call, identified as "manager agent"; and (7) Justin Gathers, identified as

13  "special investigation unit."  (Compl. 2-3, ECF No. 1.) [1]

14          Plaintiff confirms the basis for jurisdiction is federal question jurisdiction.  (Compl. 3.)

15  When asked to list the federal statutes at issue in this case, Plaintiff lists: "41 U.S. Codes 6503

16  52.233-4 Applicable Law for Breach of Contract Claim, Sections 102 and 103 of the Civil Rights

17  Act of 1991."  (Compl. 4.)  Despite indicating the case arises under federal question jurisdiction,

18  Plaintiff completes the form questions for diversity jurisdiction.  (Compl. 4.)  Plaintiff identifies

19  State Farm as a citizen of California, Arizona, Georgia, and Illinois and Defendant Kalsi as a

20  citizen of Georgia.  (Compl. 4-5.)  When listing each Defendants' identifying information,

21  Plaintiff indicates Defendants Selby, Carrol, and Gathers are located in Arizona; Defendant

22  Erickson is located in Illinois; and Defendant Call is located in California.  (Compl. 2-3.)

23          Under statement of claim, Plaintiff writes: "State Farm Insurance Company deliberately

24  undervalues my claim, wrongfully denies your claim or engages in a pattern of behavior intended

25  to limit their pay out on my claim. These are the contract damages, the extra contractual damages

26  and  punitive  damage.  [Deceit]  and  Fraud  practicing  Deceptive  and  non  Honest

27  

28  [1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the
CM/ECF electronic court docketing system.

1 [communication]." (Compl. 5.)

2     Under relief, Plaintiff writes: "Im Duchun Goowin and State farm have a contract

3 agreement that State farm has acted in bad faith and breach. Code section 790.03(h) 2695.7

4 2695.9 and more." (Compl. 6) (unedited.)

5 **IV.**

6 **DISCUSSION**

7     **A.**    **Failure to State a Claim**

8     1.    <u>Federal Rule of Civil Procedure 8</u>

9     Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim

10 showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must

11 simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which

12 it rests." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002) (citations and quotations

13 omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements

14 of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S.

15 at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal

16 conclusions are not. <u>Id.</u>; <u>see also</u> <u>Twombly</u>, 550 U.S. at 556-57; <u>Moss v. U.S. Secret Serv.</u>, 572

17 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient factual matter,

18 accepted as true, to 'state a claim to relief that is plausible on its face.' " <u>Iqbal</u>, 556 U.S. at 678

19 (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads

20 factual content that allows the court to draw the reasonable inference that the defendant is liable

21 for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556).

22     As a threshold matter, the Court notes Plaintiff has previously filed complaints against

23 Defendants alleging the same violation of federal law.[2] On February 2, 2023, Plaintiff filed an

24 action against State Farm, Philip Call, Poonam Kalsi, and Laura Selby for violations of sections

25 102 and 103 of the Civil Rights Act of 1991. <u>Goodwin v. State Farm Gen. Ins. Co.</u>, No. 1:23-

26 CV-00165 ADA HBK, 2023 WL 5758940 (E.D. Cal. Sept. 6, 2023). The Court screened the

27
28 [2] The court may take judicial notice of court records. <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978)); <u>see also</u> <u>United States v. Raygoza-Garcia</u>, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.")

1  complaint and found it did not comply with the requirements of Rule 8(a)(2) but granted leave to

2  amend.  The magistrate judge then found the amended complaint was deficient and frivolous and

3  recommended the case be dismissed without leave to amend.  The district judge adopted the

4  findings and recommendations, dismissed the action without leave to amend, and entered

5  judgment against Plaintiff.  (Id. at *1.)

6        On February 15, 2023, Plaintiff filed an action against State Farm, Jeannie Erickson,

7  Leah Carrol, and others.  Goodwin v. State Farm Gen. Ins. Co., No. 1:23-CV-00232-SAB, 2023

8  WL 4239064, at *1 (E.D. Cal. June 28, 2023), report and recommendation adopted, No. 1:23-

9  CV-00232 ADA SAB, 2023 WL 5758942 (E.D. Cal. Sept. 6, 2023).  There, Plaintiff alleged

10 violation of sections 102 and 103 of the Civil Rights Act of 1991 were at issue.  The undersigned

11 screened the complaint and found it failed to comply with the requirements of Rule 8(a)(2).

12 Plaintiff was granted an opportunity to amend the complaint, but Plaintiff's amended complaint

13 consisted only of a caption page.  The undersigned recommended the action be dismissed for

14 failure to state a claim.  The district judge adopted the findings and recommendations and

15 dismissed the action without leave to amend.

16        In the instant complaint, Plaintiff names the same Defendants and alleges the same

17 violation of sections 102 and 103 of the Civil Rights Act of 1991 in addition to various statutes

18 and regulations related to breach of contract.  Plaintiff's allegations are vague and conclusory

19 statements alleging some form of discrimination, a potential breach of an unidentified contract,

20 and a denial of an unspecified claim.  As currently pled, Plaintiff's complaint does not contain

21 enough factual details to permit the Court to draw the reasonable inference that any named

22 Defendant is liable for any misconduct alleged.  Iqbal, 556 U.S. at 678.  Plaintiff does not state

23 any specific actions that any Defendant took relating to the alleged discrimination or other

24 misconduct. Plaintiff fails to allege the relevant terms of the contract, any details regarding

25 performance of the contract, and when the alleged breach occurred.  Further, Plaintiff does not

26 mention any of the individual Defendants again after naming them as Defendants.  Additionally,

27 the complaint fails to allege sufficient facts to allow this Court to determine whether Plaintiff's

28 claims are barred by the doctrine of res judicata.

Courts may dismiss a complaint for failure to comply with Rule 8 even when the complaint is not "wholly without merit."  McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).  "Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)."  Id.  The Court has repeatedly provided Plaintiff guidance that his complaint must contain sufficient facts showing he is entitled to relief and that each defendant's involvement must be sufficiently alleged.  For the foregoing reasons, Plaintiff's complaint does not comply with the requirements of Rule 8(a)(2).

### B.    Diversity and Federal Question Jurisdiction

This Court has previously advised Plaintiff that federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress.  U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000).  Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Here, Plaintiff checked the box indicating he is attempting to plead federal question jurisdiction.  However, Plaintiff also completed the portion of the form complaint for claims proceeding under diversity jurisdiction.  The Court will therefore address each in turn.

District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."  Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).  Here, Plaintiff alleges that he is a citizen of California.  (Compl. 4.)  Plaintiff indicates that Defendant State Farm General Insurance Company is incorporated in and has its principal place of business in California, Arizona, Georgia, and Illinois.  (Compl. 5.)  Plaintiff also indicates that the address for Defendant Philip Call is in California.  (Compl. 3.)  Although Plaintiff states the amount in

1  controversy exceeds $75,000 (Compl. 5.), diversity jurisdiction does not exist because Plaintiff,

2  Defendant State Farm, and Defendant Call are citizens of the same state.

3         Jurisdiction in this action must therefore be based on a federal question.  Pursuant to 28

4  U. S. C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the

5  Constitution, laws, or treaties of the United States.  "A case 'arises under' federal law either

6  where federal law creates the cause of action or where the vindication of a right under state law

7  necessarily turns on some construction of federal law."  <u>Republican Party of Guam v. Gutierrez</u>,

8  277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting <u>Franchise Tax Bd.</u>

9  <u>v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 8–9 (1983) (citations omitted)).  "[T]he

10  presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

11  rule,' which provides that federal jurisdiction exists only when a federal question is presented on

12  the face of the plaintiff's properly pleaded complaint."  <u>Republican Party of Guam</u>, 277 F.3d at

13  1089 (citations omitted).

14         As to federal question jurisdiction, Plaintiff has not sufficiently alleged facts against the

15  Defendants that would state a federal claim.  Plaintiff alleges violation of "Sections 102 and 103

16  of the Civil Rights Act of 1991."  (Compl. 4.)  However, it is unclear what factual allegations

17  could support such claim.

18         "Congress  enacted  the Civil Rights Act of 1991 (1991 Act), Pub. L. No. 102-166, 105

19  Stat. 1071, in order to restore civil rights limited by then-recent Supreme Court decisions and to

20  'strengthen existing protections and remedies available under federal civil rights laws to provide

21  more effective deterrence and adequate compensation for victims of discrimination."  <u>Lambert v.</u>

22  <u>Tesla, Inc.</u>, 923 F.3d 1246, 1249 (9th Cir. 2019) (citations and quotations omitted); <u>see also</u> Civil

23  Rights Act Of 1991, PL 102–166, November 21, 1991, 105 Stat 1071 ("An Act to amend the

24  Civil Rights Act of 1964 to strengthen and improve Federal civil rights laws, to provide for

25  damages in cases of intentional employment discrimination, to clarify provisions regarding

26  disparate impact actions, and for other purposes."); 42 U.S.C. § 1981a ("Damages in cases of

27  intentional discrimination in employment.").

28         Plaintiff's  complaint  contains  insufficient  facts  pertaining  to  any  of  the  named

Defendants and does not describe what any Defendants have done that would amount to a violation of Plaintiff's federal rights.  See Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 533–34, 119 S. Ct. 2118, 2123–24, 144 L. Ed. 2d 494 (1999) ("Prior to 1991, only equitable relief, primarily backpay, was available to prevailing Title VII plaintiffs; the statute provided no authority for an award of punitive or compensatory damages . . . [w]ith the passage of the 1991 Act, Congress provided for additional remedies, including punitive damages, for certain classes of Title VII and ADA violations."); Fonseca v. Sysco Food Servs. of Arizona, Inc., 374 F.3d 840, 847 (9th Cir. 2004) (to establish a prima facie case for Title VII discrimination, plaintiff must show: (1) they are a member of a protected class; (2) they were qualified for the position; (3) they suffered an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably); Samper v. Providence St. Vincent Med. Ctr., 675 F.3d 1233, 1237 (9th Cir. 2012) ("To establish a prima facie case for failure to accommodate under the ADA, Samper must show that (1) [s]he is disabled within the meaning of the ADA; (2) [s]he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) [s]he suffered an adverse employment action because of [her] disability.") (quotations and citations omitted); Campos v. Town of Pahrump, 274 F. Supp. 3d 1106, 1115–16 (D. Nev. 2017) ("[T]o establish a prima facie case of retaliation under the ADA, an employee must show that: (1) he or she engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two.") (citations and quotations omitted).

Plaintiff also alleges that federal law and regulations related to breach of contract are at issue.  (Compl. 4.)  However, the complaint does not identify any contract, nor does it identify any insurance policy that may be the source of the unspecified claim that Defendants have allegedly wrongfully denied.  (Compl. 5.)[3]

---

[3] Plaintiff also alleges in the section indicating relief sought that State Farm "has acted in bad faith…"  (Compl. 6.)  Under California law, "[e]very contract imposes on each party a duty of good faith and fair dealing in each performance and in its enforcement."  Richards v. Centripetal Networks, Inc., ___ F.Supp.3d ___, No. 4:23-CV-00145-HSG, 2024 WL 24327, at *4 (N.D. Cal. Jan. 2, 2024) (quoting Carson v. Mercury Ins. Co., 210 Cal.App.4th 409, 429 (2012) (quotation omitted).  "[A] contractual obligation is the underpinning of a bad faith claim, [and] such claim cannot be maintained unless policy benefits are due under the contract."  Granite Outlet, Inc., 190 F.Supp.3d at 987; Love v. Fire Ins. Exchange, 221 Cal.App.3d 1136, 1153 (1990).  "California law is clear, that without a

1    Plaintiff also cites 41 U.S.C. § 6503 to establish federal question jurisdiction.  However,

2    section 6503 applies only to breaches or violations of representations or stipulations included in

3    contracts made by United States agencies "for the manufacture or furnishing of materials,

4    supplies, articles, or equipment, in an amount exceeding $10,000."  Bowman v. USDA FSIS, No.

5    4:18-CV-3169, 2019 WL 462715, at *1 (D. Neb. Feb. 6, 2019) (citing 41 U.S.C. §§ 6502, 6503).

6    Here, Plaintiff fails to allege any facts to support such a claim.

7    Further, Plaintiff cites "52.233-4" to establish federal question jurisdiction, which the

8    Court liberally construes as 48 C.F.R. 52.233-4.  This regulation merely states that certain

9    government contracts should contain a term that "United States law will apply to resolve any

10   claim of breach of this contract."  48 C.F.R. 52.233-4.  Although unclear, Plaintiff appears to

11   allege that State Farm undervalued, denied, and engaged in a pattern to limit a payout of

12   Plaintiff's unspecified claim.  (Compl. 5.)  Plaintiff's claim thus appears to arise from an

13   unspecified contract with State Farm, not a government agency.  Plaintiff fails to establish that

14   federal law governs this action.  Accordingly, the Court finds Plaintiff's complaint does not state

15   a cognizable claim for violation of Plaintiff's federal rights.

16   The Court briefly addresses Plaintiff's citations to the California Insurance Code.  In the

17   section indicating the relief sought, Plaintiff states that State Farm has breached "code section

18   790.03(h) 2695.7 2695.9 and more."  (Compl. 6.)  The Court construes this to refer to section

19   790.03(h) of the California Insurance Code and Title 10 of the California Code of Regulations

20   sections 2695.7 and 2695.9.

21   Because the Legislature only contemplated enforcement of the Unfair Instances Practices

22   Act ("UIPA") by the Insurance Commissioner, private actions under California Insurance Code §

23   790, et seq. are barred.  Height St. Skilled Care, LLC v. Liberty Mut. Ins. Co., No. 1:21-CV-

24   01247 JLT BAK (BAM), 2022 WL 1665220, at *5 (E.D. Cal. May 25, 2022) (citing Moradi-

25   Shalal v. Fireman's Fund Ins. Cos., 46 Cal. 3d 287, 304 (1988) (holding that section 790.03 was

26

27   breach of the insurance contract, there can be no breach of the implied covenant of good faith and fair dealing."
     Manzarek, 519 F.3d at 1034 (citing Waller, 11 Cal.4th 1, 900 P.2d at 638–39).  Because Plaintiff fails to allege the
28   existence of a contract, its terms, or any breach of those terms, Plaintiff fails to state a claim for breach of duty of
     good faith and fair dealing.

not intended "to create a private civil cause of action against an insurer that commits one of the various acts listed in section 790.03, subdivision (h)")).  Likewise, the regulations promulgated under the UIPA, 10 C.C.R. § 2695.1, et seq., do not provide a plaintiff with a standalone, private right of action.  Id. (citing Aerojet Rocketdyne, Inc. v. Glob. Aerospace, Inc., No. 2:17-CV-01515-KJM-AC, 2020 WL 3893395, at *6 (E.D. Cal. July 10, 2020)); see also Rattan v. United Servs. Auto. Ass'n, 84 Cal. App. 4th 715, 724 (Cal. Ct. App. 2000) ("neither the Insurance Code nor regulations adopted under its authority provide a private right of action.")).  To the extent Plaintiff alleges unspecified Defendants violated the UIPA or its supporting regulations, Plaintiff fails to state a cognizable claim.

### B.  Plaintiff's Failure to Prosecute and Comply with a Court Order

Additionally, the Court should dismiss the action due to Plaintiff's failure to comply with a Court order and failure to prosecute.  Plaintiff has failed to comply with the August 21, 2024 order granting him leave to file an amended complaint.  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).  Where a plaintiff fails to file an amended complaint after being provided with leave to amend to cure the failure to state a claim, a district court may dismiss the entire action.  Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

1  sanctions." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir.

2  2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).

3  These factors guide a court in deciding what to do; they are not conditions that must be met in

4  order for a court to take action. In re Phenylpropanolamine, 460 F.3d at 1226.

5          In this instance, the public's interest in expeditious resolution of the litigation and the

6  Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff was ordered to file

7  an amended complaint to cure the deficiencies that were identified in his complaint within thirty

8  days of August 21, 2024. Plaintiff has been provided with the legal standards that would apply

9  to his claims and the opportunity to file an amended complaint. Plaintiff has neither filed an

10 amended complaint nor otherwise responded to the Court's order. Plaintiff's failure to comply

11 with the orders of the Court hinders the Court's ability to move this action towards disposition

12 and indicates that Plaintiff does not intend to diligently litigate this action.

13         Since it appears that Plaintiff does not intend to litigate this action diligently there arises a

14 rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447,

15 1452–53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of

16 dismissal.

17         The public policy in favor of deciding cases on their merits is greatly outweighed by the

18 factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This

19 action can proceed no further without Plaintiff's cooperation and compliance with the order at

20 issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this

21 instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

22         Finally, a court's warning to a party that their failure to obey the court's order will result

23 in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262;

24 Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's August 21, 2024 order

25 requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an

26 amended complaint in compliance with this order, the Court will recommend to a District Judge

27 that this action be dismissed consistent with the reasons stated in this order." (ECF No. 6 at 11.)

28 Thus, Plaintiff had adequate warning that dismissal of this action would result from his

noncompliance with the Court's order and his failure to state a claim.  Accordingly, Plaintiff's noncompliance warrants dismissal.

## IV.

### CONCLUSION AND RECOMMENDATION

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, without leave to amend, for Plaintiff's failure to state a claim, failure to prosecute, and failure to comply with a court order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 27, 2024**

UNITED STATES MAGISTRATE JUDGE